The opinion of the Court was delivered by
Glover, J.
The 4th section of the statute of frauds provides, that “ no action shall be brought whereby to charge any person upon any contract or sale of lands, tenements or here *337 ditaments, or any interest in or concerning them, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing,” &e., (2 Stat. 525).
There are contracts where the subject-matter of the agreement would seem to partake of the realty and which have been held not to be within this section of the statute. In the case of growing crops, it has been decided that only a sale of goods, as the produce of the soil, was contemplated, and that it did not relate to lands. (Sainsbury vs. Matthews, 4 Mee. and W. 343.) In the case of Hoby vs. Roebuck and Palmer, (7 Taunt. 157,) the landlord, after granting a lease in consideration that the tenant would pay an additional sum per annum, agreed to enlarge the demised premises, and it was held, that the original lease still existed; that the new contract was, therefore, no demise of the premises, and that it was merely a collateral agreement to pay so much more money, during the residue of the term, provided the lessor would make the necessary expenditure. And in a late case, (Jeakes vs. White, 14 Eng. Law and Equity, R. 350,) in consideration that the plaintiff would advance £2000 upon the security of a mortgage of land, the defendant agreed to pay all the expenses incurred by the plaintiff in investigating the defendant’s title to mortgage the lands, the Court held, that such an agreement was not within the 4th Section of the statute of frauds.
The contract of the defendant to pay, if there should be more than one hundred and ten acres, is not such an interest in or concerning lands as the statute contemplates. It is an agreement relating to the number of acres conveyed, and is a collateral undertaking and independent of the realty.
The plaintiff’s promise to refund if, on a survey, there should be a deficiency, is a good consideration to support the defendant’s promise to pay in the event of an excess. Mutual promises create reciprocal ebligations which constitute a sufficient consideration to support such promises. They are pot *338 naked facts, but voluntary agreements resting on the mutuality of their obligations.
Howe vs. O’Malley (1 Murphy, N. C. R. 287,) is, in all its leading circumstances, this case, and was decided on the ground, that where the promises are mutual, one is a good consideration to support the other. x
Motion granted.
O’Neall, Wakdlaw, WithbRS and Whither, JJ., concurred.

Motion granted.